### J. P. LYNN v. THE STATE.

*No. 6915.    Decided May 17.*

1.  **Transfer of Causes from District to County Courts — Certificate.**—The :statute providing for the transfer of indictments from the District to an inferior court prescribes no particular form of certificate to such transfer, but only that the judge shall make an order transferring the indictment, stating in such order the cause trans- ferred, to what court transferred, and directing that the clerk of the District Court shall deliver the indictment, together with all papers in the cause, to the proper court, accompanying the case with a certified copy of all the proceedings in the District Court. The certificate of transfer in this case designated the indictment transferred by num- ber, and not by the name of the accused, and its sufficiency was impugned upon that ground.    *Held,* that the objection was not well taken, and that the certificate was suf- ficient.

2.  **Practice—Statement of Facts.**—A paper signed by opposing counsel purport- ing to be a statement of facts, but which is not authenticated by the trial judge, will not be considered by this court on appeal; and in the absence of a sufficient statement of facts the court will review the record only with reference to fundamental errors.

APPEAL from the County Court of Coleman.    Tried below before Hon. J. T. Evans, County Judge.

The conviction was for playing cards in a public place, and the penalty assessed was a fine of $10.

The transcript contains no authenticated statement of facts.

*W. L. Vining,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.—This appeal is from a conviction for playing cards in an outhouse where people resorted.   The prosecution is by indictment presented in the District Court, and the case was transferred to and tried in the County Court.   Defendant pleaded to the jurisdiction of the County Court, the ground of said plea being that the certificate of transfer of the cause is insufficient.   Said plea was overruled, and defendant insists that this ruling was error.

In transferring indictments from the District to the County Court, or other inferior court, substantial compliance with the statute is all that is required.    Brannon v. The State, 23 Texas Ct. App., 428; Coker v. The State, 7 Texas Ct. App., 83.

No form is prescribed by the statute for a certificate or other proceeding of transfer. It is provided merely that the judge shall make an order transferring the indictment, stating in such order the cause transferred, and to what court transferred (Code Crim. Proc., art. 435), and that the clerk of the District Court shall deliver the indictment, together with all papers in the cause, to the proper court, accompanying the case with a certified copy of all the proceedings taken therein in the District Court, and also with a bill of costs. Code Crim. Proc., art. 437.

In this case the objection urged to the certificate and proceedings of transfer is that the cause is designated in the order of transfer and in the certificate by number only, thus, "The State of Texas v. ———, No. 645."

When an indictment is presented in court the law requires that the fact of presentment shall be entered upon the minutes, noting the style and the *file number* of the indictment, but omitting the name of the defendant unless he is in custody or under bond. Code Crim. Proc., art. 415.

We see from the last cited provision that there must be a *file number* upon the indictment in the District Court, and this file number is evidently for the purpose of designating and identifying the cause. In our opinion it is a sufficient description and identification of the cause to state its file number, and we hold, therefore, that the proceedings and certificate of transfer in this cause are in compliance with the statute, and that defendant's plea to the jurisdiction was properly overruled.

There is a paper in the record purporting to be a statement of facts, signed by counsel for the State and the defendant, but it is not authenticated by the approval of the trial judge, and can not therefore be considered. Willson's Crim. Stats., sec. 2562.

There being no statement of facts in the record that we can consider, the alleged errors in the charge of the court and the refusal of the court to give the charges requested by the defendant can not be revised, these errors, if errors at all, not being fundamental.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.