### JOHN McLIN v. THE STATE.

#### No. 3177. Decided October 18, 1905.

**1.—Murder in Second Degree—Charge Refused—Drunkardness—Indecent Language—Animus.**

On trial for murder there was no error in refusing the requested charges that the jury could not convict the defendant of murder or any degree of culpable homicide upon evidence that he was drunk or used profane or indecent language, nor to refuse to submit a charge that evidence of defendant's drunkenness was admitted for the purpose of determining defendant's credibility. This character of evidence went to the animus of defendant preceding the homicide and was germane.

**2.—Same—Refreshing Memory of Witness—Grand Jury.**

The district attorney on cross-examination may be permitted to refresh a witness's memory as to a statement of the homicide made by the witness to the grand jury.

**3.—Same—Argument of Counsel.**

Where defendant on a trial for murder tendered no special charge that argument of the prosecuting attorney be disregarded, the objection cannot be considered on appeal, besides the language used would not authorize a reversal.

**4.—Same—Deadly Weapon—Loaded Pistol.**

A loaded pistol, in view of the testimony in the record, is a deadly weapon and the court did not err to so instruct the jury.

**5.—Same—Murder in Second Degree—Charge of Court.**

See opinion for charge on murder in the second degree, which, while subject to criticism for leaving out the clause, "without adequate cause," could not have possibly injured the rights of appellant.

Appeal from the District Court of Milam. Tried below before Hon. J. C. Scott.

Appeal from a conviction of murder in second degree; penalty, thirty-five years imprisonment in the penitentiary.

Hugh Powell, a witness for the State, testified that he attended a party or dance and was in the house when the dance was going on and saw the defendant there, and in the yard in front of the gallery; a number of boys were out there in the yard talking about the dance being stopped; that defendant said something about the fiddler and the deceased said that if he had been the fiddler, he would have fiddled on, and the defendant said, "Yes, and you would not have had two strings left on your fiddle"; that defendant told him not to pull a knife on him; that deceased told him he would fight him fair if he would pull off his coat; that defendant said he would fight no son-of-a-bitch fair, waiving his pistol saying, "Scatter, you damn sons-of-bitches. * * * About this time the deceased told his brother to let the defendant alone, that he was drunk." * * * And defendant said, "This is the son-of-a-bitch I want," and hit at deceased with the pistol; that the deceased ran and defendant shot him, and the second shot hit and killed him. * * *

There was also testimony that a short time before the dance broke up, and before defendant went out of the house into the yard, he threw his hat down on the floor and said that he could whip any son-of-a-bitch there; that no one had said anything to him at that time. The defendant was drinking.

Appellant's defense was manslaughter and self-defense.

*R. Lyles, W. A. Gibson* and *Chambers & Sharp,* for appellant.—On the question of admitting drunkenness and conduct of defendant before the homicide: Woodward v. State, 51 S. W. Rep., 1122; Childers v. State, 13 id., 650; McConnell v. State, 22 Texas Crim. App., 354; Liskosski v. State, 23 id., 165; Smith v. State, 15 id., 139.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of murder in the second degree, his punishment being fixed at confinement in the penitentiary for a term of thirty-five years.

Appellant requested the court to charge the jury, as follows: "You cannot convict defendant of the crime of murder or of any degree of culpable homicide, upon evidence that he was drunk, or that he used profane or indecent language in the house of Jim Sprouse and in the presence of ladies, the disregard of social duty referred to in the main charge has reference to the taking of life, and does not relate to the conventionalities of polite society." There was no error in refusing this charge.

He also requested the following charge: "You are charged that there has been admitted before you, evidence as to the conduct of defendant, while in the house of Mr. Sprouse, during the time the dance was proceeding and immediately after said dance. Said testimony was admitted as impeaching testimony to defendant, or his witnesses, and you will not consider said testimony in determining the guilt or innocence of defendant, but for the sole purpose of determining his credibility as a witness, or the credibility of any witness testifying with regard to said facts. You cannot convict defendant upon evidence that he was drunk or disorderly, but must determine his guilt or innocence from what occurred at the time of the shooting." There was no occasion for the court to charge the jury not to convict appellant for being drunk, since he was not being tried for that offense, or for being disorderly. However, the testimony admitted upon the trial of this case, showing the reckless disregard and drunken bravado of appellant immediately before the shooting, in the room where the dance was in progress, is germane testimony to indicate the animus and mental condition of appellant just preceding the homicide. The statement of facts shows that this misconduct occurred but a few minutes before the fatal shooting.

Bill number 1 complains that the district attorney on cross-examination was permitted to refresh the witness' memory with the statement of the homicide made by witness to the grand jury. In this there was no error.

Bills 2, 3, and 7 and 8, complain of the admission in evidence of the conduct of appellant in the dance room, just immediately preceding the difficulty. As stated above, this testimony was admissible.

The fourth bill complains of the argument before the jury of the private counsel employed in the prosecution. The court instructed the jury verbally not to regard the statement in making up their verdict. Appellant did not tender a special charge, asking that the same be disregarded. We do not think the language of the private prosecutor authorizes a reversal. These remarks also apply to the eleventh bill of exceptions, also reserved to arguments of counsel.

In motion for new trial appellant complains that the court instructed the jury that a pistol is a deadly weapon. There certainly could not be any error in such charge, in view of the testimony in this case that the pistol was loaded.

The sixth ground of the motion complains that the court misdirected

the jury as to the law of manslaughter. The charge when read as a whole is a proper presentation of said law to the jury.

Appellant complains of the charge of the court on murder in the second degree, which is as follows: "The next lower grade of culpable homicide than murder in the first degree, is murder of the second degree. Malice is also a necessary ingredient of the offense of murder in the second degree, the distinguishing feature, however, so far as the element of malice is concerned, is that in murder in the first degree, malice must be proved to the satisfaction of the jury, beyond a reasonable doubt, as an existing fact, while murder in the second degree, malice will be implied from the fact of an unlawful killing. Implied malice is that which the law infers from or imputes to certain acts, however suddenly done; thus, when the fact of an unlawful killing is established, and the facts do not establish express malice beyond a reasonable doubt, nor tend to mitigate, excuse or justify the act, then the law implies malice, and the murder is in the second degree; and the law does not further define murder in the second degree. Then if the killing is shown to be unlawful, and there is nothing in evidence on the one hand showing express malice, and on the other hand there is nothing in evidence that will reduce the killing below the grade of murder, then the law implies malice, and the homicide is murder in the second degree. If you believe from the evidence, beyond a reasonable doubt, that the defendant, upon his implied malice aforethought with a deadly weapon or instrument reasonably calculated and likely to produce death by the mode and manner of its use in a sudden transport of passion, with the intent to kill, did shoot with a pistol and thereby kill Fred Tardy, as charged in the indictment, you will find him guilty of murder in the second degree," etc. While it is true, as appellant insists, the court omitted the clause, "without adequate cause" in applying the law to the facts in the above charge, the court has charged that the homicide must be committed with implied malice; and the omission could not have possibly injured the rights of appellant.

The facts show a wanton and brutal killing, and authorize the jury finding appellant guilty. There is no reversible error in the record, and the judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]