## Tom Shaw v. The State.

### No. 5890. Decided March 1, 1921.

### Rehearing Denied April 20, 1921.

1.—Intoxicating Liquor—Manufacture—Constitutional Law—Federal Statute.

The contention of defendant, that in consequence of the Eighteenth Amendment to the Constitution of the United States, and the Act of Congress thereunder, the offense was not within the purview of the State Court, is untenable. Following Ex Parte Gilmore, 88 Texas Crim. Rep., 529, recently decided.

2.—Same—Special Term of the District Court.

The special term of the District Court at which the defendant was tried was called and held under circumstances which have frequently been held to be valid. Following Valdez v. State, 71 Texas Crim. Rep., 487, and other cases.

3.—Same—Competent Witness—Sentence—Accomplice.

An accomplice who has been found guilty by a jury, but against whom no sentence has been pronounced. is not an incompetent witness for the State. Following Arcia v. State, 26 Texas Crim. App., 205, and other cases.

4.—Same—Evidence—Conspirators—Rule Stated.

Conversations between co-conspirators in furtherance of a common design and before the termination of the conspiracy are properly admitted in evidence. Following Milo v. State, 59 Texas Crim. Rep., 201, and other cases.

5.—Same—Evidence—Grand Jury Evidence—Refreshing Memory of Witness—Leading Questions—Discretion of Court.

There is a distinction between refreshing the memory of a witness and impeaching him. and where the bill of exceptions disclosed no harmful departure from this rule, and permitted the testimony to be used only in refreshing the recollection of the witness, and allowed leading questions to a reluctant witness, there was no reversible error. Renfro v. State, 42 Texas Crim. Rep., 407, and other cases.

6.—Same—Bill of Exceptions—Practice on Appeal.

Where the bill of exceptions was marked "refused," but was filed by the clerk and certified by him as a part of the record and bore evidence of having been presented to the trial judge, the same will be considered on appeal. Following Exon v. State, 33 Texas Crim. Rep., 461 and other cases.

**7.—Same—Argument of Counsel—Requested Charge.**

In the absence of a requested charge withdrawing the argument objected to, and the argument not being of a nature obviously harmful there was no reversible error. Following Borrer v. State, 83 Texas Crim. Rep., 200 and other cases.

**8.—Same—Sufficiency of the Evidence—Corroboration—Accomplice.**

It is not necessary that the evidence corroborative of an accomplice be alone sufficient to convict the accused, and where the evidence was otherwise sufficient to sustain the conviction, there was no reversible error. Following Bruton v. State, 21 Texas, 337, and other cases.

**9.—Same—Rehearing—Constitutional Law—Precedent.**

Where the question of the constitutionality of the law has been decided in a recent case, adversely to appellant. the same need not be again considered. Following Ex Parte Gilmore, 88 Texas Crim. Rep., 529.

**10.—Same—Argument of Counsel—Practice on Appeal.**

Where, the argument of State's counsel is not so harmful in itself as to require a reversal, and there was no requested charge to withdraw same, there was no reversible error.

**11.—Same—Evidence—Statements Before Grand Jury.**

Where the statement of the witness made by him before the grand jury was simply used to refresh the memory of the witness, and not read to the jury, there was no reversible error.

**12.—Same—Competent Witness—Rule Stated—Sentence—Newly Discovered Evidence.**

A witness convicted of a felony is competent to testify in another case at any time before sentence has been passed upon him and his case finally disposed of, and the fact that a new trial had been granted the witness could not be newly discovered evidence.

**13.—Same—Corroboration—Accomplice.**

There was no error in allowing the sheriff to testify that he received a quart bottle of whiskey from a certain witness, in order to corroborate the circumstances of the testimony by the accomplice.

Appeal from the District Court of Pecos. Tried below before the Honorable James Connell.

Appeal from a conviction of unlawfully manufacturing intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Anderson & Upton,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The appellant was charged and convicted for the unlawful manufacture of intoxicating liquors which was prohibited by Section 20, Article 16 of the Constitution.

It is insisted that in consequence of the Eighteenth Amendment to the Constitution and the Act of Congress thereunder the offense was

one not within the purview of the State courts. We expressed a contrary view in Ex parte Gilmore, 88 Texas Crim. Rep., 529, recently decided. The special term of court at which the appellant was tried was called and held under circumstances which have frequently been held not invalid. Valdez v. State, 71 Texas Crim. Rep., 487; Mayhew v. State, 69 Texas Crim. Rep., 187, 155 S. W. Rep., 191, and other cases.

The accomplice who had been found guilty by a jury but against whom no sentence had been pronounced was not an imcompetent witness for the State under the construction given the Statute by this court. Arcia v. State, 26 Texas Crim. App., 205; Rose's "Notes on Texas Reports," Vol. 5, page 701.

From the evidence it appears that the appellant agreed to aid in the manufacture of intoxicating liquors and that he did comply with the agreement by hauling certain material for the purpose of using in the manufacture; that he received a number of gallons of the liquor manufactured, and that it was his intention to continue the operation. There were persons connected with him in the enterprise and who instigated it. Conversations between these to the effect that one of them told the other to tear down the still and deliver it to Shaw and to another that the making of the whisky was merely a matter of "dollars and cents" and other of like character made in furtherance of common design and before the termination of the conspiracy were properly received. They tended to strengthen the State's evidence connecting the appellant with t e offense and to show the motive of the conspirators. Harris v. State, 31 Texas Crim. Rep., 414; Milo v. State, 59 Texas Crim. Rep., 201; and other cases in Branch's Ann. Texas Penal Code, Sec. 693-695.

In the development of the State's case, it is important that it show that the appellant had visited the Cannon Ranch on more than one occasion during the time that his confederates were engaged in the manufacture of whisky upon the ranch mentioned. To establish this fact the State called the witness, Charley Shaw, who on his examination, declared that the appellant had been to such ranch but one time. As the matter is presented in the bill, it does not appear in the light of a mere failure upon the part of the State to prove that which it expected from the witness, but takes the color of an affirmative statement by the witness negativing the fact that appellant had visited the ranch during the interval stated more than once. The witness was then asked, as shown by the bill, if he had not made a statement before the grand jury. To this he gave an affirmative answer. Quoting from the bill: "The State's counsel then asked him if he had not made the following statement before the grand jury, being shown a paper with his signature attached to it." This was objected to as leading and upon the ground that the State cannot impeach its witness, and that a statement made by him before the grand jury contradictory to his present testimony could not bind the appellant. The objections were overruled, whereupon the witness testified that the appellant did come to

the ranch twice while whisky was being made by White and Stinson; that the witness saw appellant bring there and unload some other material which was used in making the whisky; saw the appellant carry away about fourteen gallons of whisky after it was made; that he came in a truck on each of the occasions. The court, in qualifying the bill, states that the counsel for the State stated that he was surprised at the witness giving the testimony to the affirmative fact that the appellant had been at the ranch but one time. The court also says that the witness was unwilling and evasive. We do not understand from the bill that the written statement embracing the testimony of the witness before the grand jury was read in the hearing of the jury; but that it was identified and that by means thereof the memory of the witness was refreshed; that after thus refreshing his memory he gave the testimony set out in the bill showing that appellant had visited the ranch more than once during the manufacturing operations under investigation. There is a distinction to be observed between refreshing the memory of the witness and impeaching him. Renfro v. State, 42 Texas Crim. Rep., 407. And in refreshing his recollection, the bill discloses no harmful departure from the procedure recognized in previous decisions of this court as permissible. Spangler v. State, 41 Texas Crim. Rep., 430; McLin v. State, 48 Texas Crim. Rep., 551. So far as the question propounded is subject to the criticism that it was leading, we think the qualification of the bill renders the complaint untenable. The judicial discretion is vested in the trial judge to permit leading questions to be propounded to a hostile, unwilling, or reluctant witness. Man v. State, 44 Texas Reports, 642; Navarro v. State, 24 Texas Crim. App., 378; Branch's Ann. Texas Penal Code, Sec. 158, and cases there cited.

We find in the record marked by the presiding judge "refused" a bill of exceptions to the remark of counsel, referring to the testimony of the accomplice, in substance to the effect: "A grand jury of your county heard his statement, and upon his statement they have said he was guilty." The bill recites that exception was reserved to the remark and that appellant asked the court to instruct the jury to disregard it. Observing that this bill was filed by the clerk and certified by him as a part of the record and that it bears evidence of having been presented to the trial judge, and he having endorsed thereon no reasons for his refusal to allow it nor filed any bill in lieu of it, the appellant is entitled to have it considered. This for reasons heretofore stated. Exon v. State, 33 Texas Crim. Rep., 461; Thomas v. State, 204 S. W. Rep., 1001; Rosa v. State, 86 Texas Crim. Rep., 646, 218 S. W. Rep., 1056.

We do not regard the argument as a legitimate one, nor was it, in our opinion, in the light of the record, of a nature so obviously harmful as to authorize a reversal of the judgment without an effort to withdraw it.

The record does not disclose in any authentic way that the appellant endeavored to have a written special charge read to the jury withdraw-

ing the remarks. The remarks as quoted in the bill did not bring to the attention of the jury any new fact. Knowledge that the witness testified before the grand jury was brought to the jury during the conduct of the trial in a legitimate manner. It is a subject of regret often expressed by the court that so frequently it is called upon to determine the effect to be given on appeal to complaints of improper arguments. It would be conducive to the administration of justice if the counsel for the prosecution would bear in mind the bounds of legitimate argument. The matter before us, as above stated, present an instance in which the scope of legitimate argument has been exceeded. It seems, however, to have been but an improper inference from the evidence legally before the jury and to come within the class which is supposed to admit or withdraw by special charge. (See Branch's Ann. Penal Code, Secs. 370 and 362; Borrer v. State, and cases reviewed, 83 Texas Crim. Rep., 200.)

In addition to the confession of the appellant and the testimony of those who were accomplices, as a matter of law, there was testimony of the Sheriff of Pecos County to the effect that he found a still upon the Cannon Ranch at the place where, according to the confession and accomplice testimony, the appellant and his confederates used it in manufacturing the liquor; also that he obtained whisky from one of the accomplices; also testimony of the witness Maines to the circumstance of having referred the accomplice Stinson to the appellant as a person who would haul a load upon his truck and to have seen Stinson and the appellant soon thereafter in a conversation at a point coinciding with the testimony of Stinson connecting the appellant with the conspiracy to manufacture whisky for profit.

It is not necessary that the evidence corroborative of an accomplice be alone sufficient to convict the accused. It is required only when it tends to connect him with the offense. Bruton v. State, 21 Texas, 337; Gillian v. State, 3 Texas Crim. App., 132; and other cases cited in Vernon's Texas Crim. Statutes, Vol. 2, page 738, note 15.

In the instant case, in addition to the circumstances mentioned, proved by witnesses who were not accomplices, the confession of the appellant which tends to connect him with the offense was available to corroborate the accomplices. On this subject. Presiding Judge Hurt, speaking for this court in Anderson v. State, 34 Texas Crim. Rep., 549, in the following characteristic language, expressed the views of the court:

"But was Bagley an accomplice? Concede this; will not the law permit the prosecution to corroborate him as to this fact, as well as to any other corroborative facts? If not, why not? No reason can be given in support of the negative. We are not left in the dark upon this question. The People v. Jaehne, 103 N. Y., 182; Carroll v. The People, 136 Ill., 456; 3 Greenl. on Ev.; 1 Bish. Crim. Proc., Sec. 1071. Bagley testified to facts which, if true, establish the *corpus delicti* beyond any

sort of doubt. Was he corroborated? He was. How? By the confession of the appellant, 'That he had killed Henry Kirk.' "

We cannot accede to the correctness of the appellant's challenge of the sufficiency of the evidence. Finding no errors committed upon the trial which warrant a reversal of the judgment, it is ordered affirmed.

*Affirmed.*

### ON REHEARING.

### April 20, 1921.

LATTIMORE, JUDGE.—We have examined this case to see if there be anything in it to differentiate it from that of Ex parte Gilmore, recently decided by us, and have concluded, insofar as the questions pertain to the constitutionality of the liquor laws, and procedure thereunder, in this State, that all the questions here raised were decided in that opinion.

The argument by the State's attorney, which is set out at length in our original opinion, is not so harmful *per se* as to require a reversal of this case, and this is especially so in view of the absence of a written request for instructions to the jury to disregard same. Bill of exceptions No. 12 does not show, as contended by appellant, an exception to any charge, which corresponds to the special charge in the record. The endorsement on said bill refers to same as "Defendant's requested charge, and exception to argument of district attorney," but the language and entire contents of said bill shows it clearly to be a bill of exceptions and not a requested charge.

Appellant's bill of exceptions No. 7 does not show that the statement made by him before the grand jury, which was shown to the witness Charles Shaw while on the witness stand, was then read to the jury. This court is bound by the record as same appears here. The objection shown in said bill to have been made was to the question and answer as quoted in our former opinion, and was not to the reading or introduction of any written statement made by said witness before the grand jury, and, of course, we only consider the objection as made and shown by the bill of exceptions.

No error is shown by bill of exceptions No. 10. Under the uniform holding of this court a witness convicted of a felony is competent to testify in another case at any time before sentence has been passed upon him and his case finally disposed of. That a new trial was granted the witness Stinson after he testified for the State against this appellant, would not be newly discovered evidence. Both the district judge and district attorney stated on the hearing of the motion for new trial, that there was no agreement with Stinson prior to the giving of his testimony, that a new trial should be granted in consideration of such act on his part.

No error appeared in allowing the sheriff of Pecos County to testify that he got a quart bottle containing whisky from the witness Hines.

Charles Shaw had testified that he got eight gallons of the illicit whisky involved in this transaction, and that he gave a quart of same to Frank Hines. Hines swore that he got such quart of whisky from Charles Shaw, and that the bottle containing whisky, gotten by the sheriff of Pecos County from him, was the same gotton by him from Shaw. Both Shaw and Hines were accomplices. That the sheriff got from Hines a quart bottle containing whisky, was a competent corroborative circumstance of the testimony of said accomplices.

Being unable to agree with the contentions urged in this motion for rehearing, same will be overruled.

*Overruled.*