Tony Despos v. The State.

No. 11838. Delivered June 13, 1928.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—Conviction for keeping a bawdy house; punishment, a fine of $200.00, and 20 days in jail.

The information charged appellant and others with keeping, being concerned in keeping and aiding and abetting in keeping a bawdy house.

The house in question was owned by appellant and his brother. They had leased the second story to Bonnie Pierson for a period of five years, to be occupied as a rooming house. They received $160.00 per month from the lessee as rent. Appellant and his brother ran a restaurant in the lower story, which served the public generally. The rooming house was occupied by prostitutes who were plying their vocation therein. Appellant had knowledge that Bonnie Pierson was keeping a bawdy house on premises owned by him. His restaurant served the women who resided above. Their meals were sent up and they paid for them in the same manner as other customers. At times appellant visited the rooming house, and on occasions spent the night there. Some of the state's witnesses testified that appellant did not keep and was not concerned in keeping the rooming house. No witness testified to facts showing that appellant was keeping, concerned in keeping or aiding and abetting in keeping said house. As far as is reflected by the record, appellant was merely the owner and lessor of the house, and had no connection with its operation as a bawdy house.

Appellant contends that the evidence is insufficient to sustain the allegations contained in the complaint. Appellant's position must be sustained. It is noted that the information contained no allegation that appellant knowingly permitted the keeping of a bawdy house in a building owned by him. Among other things, Article 514 P. C. declares that one who shall knowingly permit the keeping of a bawdy house in a building owned by him shall be punished. While the evidence was sufficient to sustain a conviction under the phase of the statute last mentioned, it entirely failed to support a conviction under the phase charged in the information. See Bowman v. State, 164 S. W. 846.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.