HERMAN KING v. THE STATE.

No. 13077.　Delivered March 12, 1930.
Rehearing denied April 23, 1930.
Reported in 27 S. W. (2d) 205.

The opinion states the case.

*McKinney & Berry* of Cooper, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, knowingly passing as true a forged instrument; penalty, two years in the penitentiary.

The vice-president of the First State Bank of Ben Franklin testified that on the date alleged in the indictment he cashed a check for the appellant in the sum of $190.00, which was signed by Robert Carson and drawn on a bank of a neighboring town. The instrument was proven to be a forgery. Appellant's defense was an alibi.

Appellant presented his second application for a continuance, alleging the absence of a witness by whom he could prove certain facts. The statement of facts shows substantially the same testimony was given on the trial by other witnesses. This being a subsequent application for a continuance, the discretion which the law vests in the trial court in denying a continuance under these circumstances has not in our opinion been abused and his action will not be disturbed. Fisher v. State, 4 Tex. Crim. App. 181; Branch's P. C., Sec. 322, and authorities there collated.

Appellant filed a written motion to quash the indictment herein, among other things because "the indictment does not show to what Court the indictment is returnable, there being two District Courts in Delta County, Texas"; and further because no record was entered in the minutes of the District Court regarding the presentment of the indictment by the grand jury which in any manner gave the name of the defendant. The order showing the presentment of the indictment appears in the transcript as follows:

"Be it remembered that on this the eleventh day of January 1929, the Grand Jury, for the January term of the District Court of Delta County, Texas, of the 8th Judicial District of Texas, came into open court in a body, a quorum of the members thereof being present and through their foreman delivered to the Judge presiding, the following bills of Indictment, which the Court ordered filed:

|  |  |
|---|---|
| The State of Texas } vs. No. 2653 } | Forgery and passing a forged Instrument." |

We think the order sufficiently shows the Court to which the indictment was returned.

It is contended that because the defendant was on bail his name should have appeared in the order of presentment by virtue of the language contained in Art. 394, C. C. P. The order identifies the indictment, it appearing that the number of same is given, together with the character of the offense, which is exactly the same as the one on which accused was tried. This was one of the purposes of the requirements contained in Art. 394, and in our opinion the order is a substantial compliance therewith. Lynn v. State, 13 S. W. 867; Price v. State, 104 Tex. Crim. Rep. 257.

Of appellant's remaining bills we deem it necessary to notice only bill of exception No. 3, which presents as error the action of the Court in permitting Mr. Miller, the banker, who was the only witness present at the time of the alleged commission of the offense, to testify that when he went to the calaboose in Ladonia to identify the defendant that the Deputy Sheriff stated to witness that "he has the negro," the party who forged the check, and pointed out the defendant as the party to said witness Miller. While the statement was perhaps somewhat improper, considering the record as a whole, we do not think it could have materially harmed the appellant. The jury will be presumed to have ordinary intelligence and they must have known that this officer was not attempting to identify the appellant as the man who committed the offense, but only was referring to him as the man who had been arrested, charged with the commission of the offense.

No errors requiring a reversal appearing in the record, the judgment will be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that we erred in upholding the action of the trial court in refusing to grant him a continuance. The rule is too well settled to admit of discussion that when the application shows to be a subsequent one, and there is testimony from other witnesses to the same facts as expected from such absent witness, it will not be held reversible error for such application to be refused and a motion for new trial based thereon, be overruled. There are some exceptions to this rule, but not on facts such as these. We note that appellant had a number of wit-

nesses testifying to his alibi, and this was the effect of the testimony of the absent witness. The affidavit of said absent witness, attached to the motion for new trial, states that he would give testimony that appellant was in Ladonia at from about 10:00 o'clock in the morning to 11:30 o'clock of the same morning. The prosecuting witness who identified appellant as the negro who passed to him the alleged forged check testified that he would not be positive about the time of the morning, but that it was somewhere about 10:00 o'clock; that it might have been a short time before or it might have been a short time after. The stating from recollection of the nearness to the approximate moment of time when recalling a past event is one of the most difficult things in testimony to make accurate. We are not convinced, upon reconsideration, that the trial court erred in this regard.

Appellant also urged that bill of exception No. 3 presents reversible error. The record shows that upon this bill when presented, the trial judge wrote that said bill was refused because no such exception was taken. See Donohue v. State, 90 Texas Crim. Rep. 541; Gibson v. State, 88 Texas Crim. Rep. 281; Shaw v. State, 89 Texas Crim. Rep. 205; Wilson v. State, 87 Texas Crim. Rep. 625. There is nothing about said bill indicating that it was filed by direction of or with the knowledge of the trial court. Certainly there is no order of the court for such filing. The bill could not be considered. The court's notation was not observed originally.

We think the point raised regarding the failure to have the name of the defendant entered at the time of the presentment of the indictment correctly decided in the original opinion.

The motion for rehearing will be overruled.

*Overruled.*