JOHN SECRIST V. THE STATE.

No. 18331. Delivered June 3, 1936.
Rehearing Denied June 26, 1936.
Application for Leave to File Second Motion for Rehearing
Denied October 21, 1936.

The opinion states the case.

*Max Coleman* and *Hill Stewart,* both of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of the offense of keeping and being concerned in keeping a bawdyhouse, and his punishment was assessed at a fine of $200.00 and confinement in the county jail for a term of twenty days.

Appellant's first contention is that the court erred in overruling his motion for a peremptory instruction of not guilty. The testimony adduced by the State was such as to require submission of the case to the jury. Hence the court did not err in overruling the motion.

Bill of exception number two shows that appellant objected to the court's charge because the court failed to define the terms prostitute and prostitution and instruct the jury on accomplice testimony, etc., but appellant failed to submit requested instructions with reference to the matters complained of. This being a misdemeanor it required appellant to submit special requested instructions covering the matters desired to be submitted to the jury and having failed to do so, no reversible error is shown. See Reed v. State, 95 Texas Crim. Rep., 492; Carter v. State, 90 Texas Crim. Rep., 248.

Bills of exception numbers three and four complaining of the action of the trial court in failing to submit to the jury his special requested instructions was not error as they were upon the weight of the evidence.

By bills of exception numbers five and six appellant complains of the action of the trial court in permitting the State to prove that Babe Castello had been living at the Colonial Hotel about six or seven months; that the witness was asked: "What is her vocation? What does she do? How does she make her living?" A. "Well, I don't know, she told me that"— The objection to said testimony was that it had no bearing on the guilt or innocence of the defendant. The fact that Babe Castello had been living at the Colonial Hotel about six or seven months was admissible in the light of the entire record. The fact that the witness did not know how she made her

living without stating what she told him could not have been hurtful. Therefore we overrule the exception.

By bill of exception number seven appellant complains that the trial court erred in permiting the State to prove that Babe Castello while living at the Colonial Hotel had not been doing anything, that she had been sick the biggest part of the time; and then permitting the county attorney to ask the witness: "Have you ever seen her go to any man's room and go inside and talk to them and close the door behind her?"—to which the appellant objected without giving or assigning any reason for his objection. Thereupon the county attorney asked the witness: "Didn't you in a Court of Inquiry in the court house testify to this, 'I have seen her go up to talk to men in their rooms'? A. I told you that." We are of the opinion that the court did not commit error because the county attorney had a right to refresh the memory of the witness, if possible. See Spangler v. State, 41 Texas Crim. Rep., 424; Renfro v. State, 42 Texas Crim. Rep., 393; McLin v. State, 48 Texas Crim. Rep., 549.

Bill of exception number eight embraced the same subject matter as bill of exception number seven and is overruled for the same reason.

By bill of exception number ten appellant complains of the action of the trial court in permitting the county attorney to ask Josh Glenn, a porter at the Colonial Hotel, what Babe Castello's vocation was—to which he answered that she had not been doing anything, that she had been sick the biggest part of the time. Then he asked the witness the following question: "Didn't you say that Babe Castello was a hustling woman and that is how she made her money? Did you tell me that?"—to which appellant objected on the ground that the party Babe Castello was not even present in court, was not being tried, and had not taken the stand, and, therefore, her character was not in issue. The inquiry made as described by the bill was not subject to the objections interposed by the appellant. The county attorney then propounded the following question to the witness:

"Isn't it a fact that you told me that a number of men had requested you to get Babe for them? A. You asked me that, yes sir.

"Q. Did you not tell me that you went and told Babe and she did go to their room? A. Some of them, the ones she knowed." To these last questions and the answers given no

objection seems to have been urged. Hence no reversible error is shown.

The matters complained of in bill of exception number thirteen seem to have been withdrawn by the county attorney and the jury instructed not to consider the question for any purpose. Hence no error is shown.

Bill of exception number fourteen shows that the county attorney asked the witness Bobby Lea the following question: "Didn't you tell me that she was a hustling woman? Aren't those the words you used? A. No, sir. I don't remember." There the matter ended. This shows no error.

Bill of exception number fifteen complains of the action of the trial court in permitting the county attorney to show the general reputation of the Colonial Hotel for permitting immoral women to ply their vocation. The testimony was admissible under the rule announced by this court in the case of Key v. State, 71 Texas Crim. Rep., 485.

By bill of exception number sixteen appellant complains of the action of the trial court in permitting the county attorney to prove that Babe Castello was a common prostitute. Appellant objected on the ground that her reputation was not involved and the question was immaterial, irrelevant, and prejudicial. It was shown that Babe Castello had been residing at the Colonial Hotel for the past six or seven months prior to the trial and if she was a common prostitute, it was permissible to show it in support of the allegations in the information that appellant was keeping or was concerned in keeping a bawdy-house.

Bills of exceptions numbers nine, twelve, seventeen, eighteen, nineteen, twenty, twenty-one, and twenty-two are without merit and are overruled.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion appellant urges that we erred in not sustaining the contention in his bill of exceptions No. 2 wherein he complained because the court did not submit to the jury the question of whether the defendant had

knowledge of the alleged unlawful acts occurring at the hotel. Appellant refers us to the case of Despos v. State, 8 S. W. (2d) 126, contending that same is authority in support of his contention. Inspection of that case makes plain that appellant misapprehends same. Art. 514 of our Penal Code penalizes him who shall keep or be concerned in keeping, or aid or assist or abet, in keeping a bawdy or disorderly house, etc., or who shall knowingly permit the keeping of a bawdy or disorderly house in any house, building, edifice, owned, leased, occupied or controlled by him. It is not necessary to prove the proposition of knowingly permitting the keeping, etc., unless that be the allegation in the indictment in the case on trial,—which is not the fact in the instant case. Appellant was charged with keeping a bawdy house. In the case of Lowry v. State, 96 Texas Crim. Rep., 347, the distinction is drawn and the proper rule announced. Examination of the opinion of Judge Christian in the Despos case, supra, makes plain its lack of application to the case before us. The other matters contained in appellant's motion have been considered, and it is not deemed necessary to discuss same.

The motion for rehearing is overruled.

*Overruled.*

MORROW, P. J., absent.

### APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files a request for leave to file a second motion for rehearing. The application was filed in the office of the clerk of this court July 1, 1936, after the court had adjourned for the term. In the case of Curg Burleson v. State, Cause No. 18219 (reported on page 76 of this volume), we handed down an opinion October 14, 1936, following and citing other opinions of this court, holding that such an application was filed too late.

The application for leave to file second motion for rehearing is denied.

*Denied.*