**Willie James BATES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39762.**

Court of Criminal Appeals of Texas.

Nov. 23, 1966.

Second Rehearing Denied Jan. 11, 1967.

Victor R. Blaine, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S
MOTION FOR RE-
HEARING

MORRISON, Presiding Judge.

Our prior opinion is withdrawn, and the following substituted in lieu thereof.

The offense is murder without malice; the punishment, five years.

Notice of appeal was given prior to January 1, 1966.

The State's witness Jennings testified that on the day in question he participated with appellant and deceased in consuming several bottles of gin, and that later in the evening, following an argument over fifty cents, appellant shot deceased. At the conclusion of the shooting, appellant backed out of the establishment saying, "Don't anyone come up on me." It was shown that the deceased died from this wound.

Appellant testified to substantially the same set of facts, except that he insisted that it was whiskey he and deceased were drinking, denied that Jennings was present, and stated that his pistol accidentally dis-

charged as he was transferring it from one pocket to another. He also called other witnesses who denied that there had been an argument between appellant and deceased.

The jury resolved the disputed issue of accident against the appellant, and we find the evidence sufficient to sustain the conviction.

The only question requiring discussion relates to the examination of the State's witness Herbert Bowie. Earlier in the case Detective Hall had testified that he had taken a written statement from Bowie on the night in question. The prosecutor exhibited the statement to the witness and he identified his signature, but stated that he did not have his glasses at the time he signed it and was drinking and "pretty full" at the time it was made. The prosecutor then asked Bowie if he had not stated that this was cold blooded murder. After the question was propounded, the court sustained appellant's objection, and the jury was instructed not to consider the question, and the statement was not introduced in evidence. We have concluded that the asking of the question standing alone did not constitute impeachment.

In Secrist v. State, 131 Tex.Cr.R. 182, 97 S.W.2d 196, this Court said:

"Bill of exception No. 14 shows that the county attorney asked the witness Bobby Lea the following question: 'Didn't you tell me that she was a hustling woman? Aren't those the words you used? A. No, Sir. I don't remember.' There the matter ended. This shows no error."

In Shaw v. State, 89 Tex.Cr.R. 205, 229 S.W. 509, this Court had occasion to draw a distinction between refreshing the memory of the witness and impeaching him. See also 1 Branch's 2d Ann.P.C., Sec. 182, p. 190, and Lopez v. State, 171 Tex.Cr.R. 552, 352 S.W.2d 106.

The judgment is affirmed, and appellant's motion for rehearing is overruled.