F. M. TAYLOR AND LUTHER MORROW v. THE STATE.

No. 6207. Decided April 13, 1921.

1.—Manslaughter—Charge of Court—Objections to Charge.

Under Article 735, Vernon's C. C. P., it has been uniformly held that unless objections were filed to the court's charge pointing out specific errors complained of, they will not be considered by this court. Following Crossett v. State, 74 Texas Crim. Rep., 440; besides, there was no error in the Court's charge.

2.—Same—Evidence—Husband and Wife—Cross Examination—Bill of Exceptions.

In the absence of a bill of exceptions the contention of appellant that the cross-examination of the wife of one of the defendant's went farther than the direct examination would permit cannot be considered on appeal, and is not fundamental error.

Appeal from the District Court of Mitchell. Tried below before the Honorable W. P. Leslie.

Appeal from a conviction of manslaughter; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*L. W. Sandusky, Cunningham & Olin,* and *I. E. Hill,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellants were convicted of manslaughter and their punishment assessed at confinement in the penitentiary for four years each.

In their motion for a new trial appellants complain of some portions of the court's charge, and also that the wife of one of the appellants, on cross-examination by the State, was asked a question which went farther than the direct examination warranted. We find in the record no objection to the court's charge, and no special charges of any kind requested, and no bills of exception. While the motion for a new trial criticises the charge of the court in many particulars, the most serious objection urged is to an alleged error in the charge

on self-defense. Since the amendment of Article 735, Vernon's C. C. P., it has been uniformly held by this court, that unless objections were filed to the court's charge pointing out specific errors complained of, they would not be considered by this court, and to permit it to be done would defeat the very purpose of the law. In Crossett v. State, 74 Texas Crim. Rep., 440, 168 S. W. Rep., 548, the following language was used:

"The object of the Legislature, as shown by said Act of April 5, 1913, amending said article above specified (735), was that whatever objections an accused on trial had to the court's charge should be distinctly then and there pointed out so as to give the judge an opportunity to correct his charge, if the objections were at all applicable. In other words, the object and intention of the Legislature was that an accused on trial must aid the lower court in giving a correct charge, instead of waylaying him, taking chances of an acquittal, and then securing a reversal, as had theretofore been the case, by making objections for the first time to the charge of the court after the trial was concluded."

Notwithstanding this, we have examined the charge of the court, and while it might have been amplified in some particulars if the trial judge's attention had been called to it in a timely way, yet taking the charge as a whole we regard it as an admirable presentation of the law to the jury. If the alleged error in the charge was so slight as to escape the attention of counsel for appellant at the time it was presented to him for his inspection, it is not likely that it in any way misled the jury in their deliberations.

Counsel contends that if the State on cross-examination of the wife of one of the appellants went farther than the direct examination would permit, it is fundamental error and may be raised at any time and in any way. We cannot agree with counsel in this contention. This court cannot review matters of that character unless they are brought forward by bills of exception. It does not appear that the question was answered in a way which would have been at all harmful to the appellants, or either of them, but even if this were not true, the matter is not verified by a bill of exceptions, and the court could not consider it.

Finding no error of any character in the record which this court is authorized to pass upon, the judgment of the trial court is affirmed.

*Affirmed.*