MRS. JACKSON PETERS v. THE STATE.

No. 20760. Delivered January 10, 1940.
Rehearing Denied March 20, 1940.

The opinion states the case.

*M. E. Lawrence,* of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the state penitentiary for a term of five years.

The record before us shows that on the night of September 10, 1938, the home of Joe Baccus was destroyed by fire. Baccus was a brother of the deceased, Mrs. Marcus Pierce. The house which was burned was located about a half mile from the home of the deceased and about an equal distance from appellant's home. When the deceased and her husband saw the fire, they drove over. From there they went to the home of appellant where they made some inquiry as to whether anyone had observed an automobile coming up the road. Appellant (Mrs. Peters) called to her husband, who had gone out to the car in which the deceased and her husband were, to come into the house; that she did not want these people on her place. Some rather uncomplimentary language was then used by the appellant, who had taken a pistol from under the pillow of her bed. The deceased got out of the car, picked up a stick and walked around the car towards appellant and it was then that appellant shot her, inflicting a mortal wound from the effects of which she died in a very short time. We think this brief summary of the testimony sufficient for a proper disposition of the questions presented for review.

Bills of exceptions numbers one through thirteen inclusive and number fifteen, complain of the introduction of certain evidence, but all of these bills are in question and answer form without a certificate by the trial judge that it was necessary that they be in such form for a better understanding of what actually transpired. Sec. 3 of Art. 760 C. C. P. among other things provides that

"Such stenographer's report when carried into * * the bills of exception, shall be condensed so as to not contain the questions and answers, except where, in the opinion of the judge,

such questions and answers may be necessary in order to elucidate the fact or question involved."

This court has consistently followed and adhered to these provisions of this statute. See Monday v. State, 124 Tex. Crim. Rep., 44; Palmer v. State, 116 S. W. (2d), 386 and authorities. Most of these bills are also deficient in and of themselves in that they do not set out enough of the surrounding facts and circumstances to disclose any error. In others the bills fail to state what the answers of the witnesses would have been. See 4 Tex. Juris. Secs. 205, 207, and 211 and authorities cited.

By bill number 14, appellant complains of the admission in evidence of a photograph of the deceased. The objection thereto was based on the grounds that such photograph was irrelevant, immaterial and prejudicial; that there was no question as to her identity or the place where the bullet entered her body, etc. The bill fails to show that there was any reproduction of any matter which might have inflamed the minds of the jurors and prejudicially affected her legal rights. Moreover the bill is deficient within itself in that it does not state sufficient facts to show that error was committed in the matter complained of. See 4 Tex. Juris. Sec. 207, pp. 295-297. Furthermore if it were to be conceded that the testimony was irrelevant and immaterial, this of itself would not justify a reversal of the case. Appellant received the lowest penalty for murder with malice.

Appellant in due time addressed a number of objections to the court's charge. We have examined the same in the light of the objections and reached the conclusion that the charge is not subject to the objections urged thereto. Moreover the objections do not specifically point out any error therein as required by Art. 658 C. C. P. See Taylor v. State, 230 S. W., 176; McCauley v. State, 259 S. W., 938; Mitchell v. State, 127 S. W. (2d), 455.

The argument complained of in bills numbers 20 and 21 were based upon testimony adduced upon the trial and therefore were proper subjects for discussion. The argument complained of in bill number 22 was not improper. All other matters complained of have been carefully examined by us and are deemed to be without merit.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant urges that this court was in error in its original opinion herein wherein we failed to sustain his bills of exceptions Nos. 21 and 22.

Both of these bills refer to the closing argument of the State's attorney, and, according to our previous holding herein, were based upon certain testimony in the record not properly objected to in the trial of this cause.

Bill No. 22 complains of the statement of the State's attorney in his closing speech, as follows: "Did you ever hear of people getting killed for knowing too much?" The State had shown that the house of the deceased's brother was burning at the time of this killing, and at the scene of the fatal difficulty there had been some conversation and charges relative to appellant's connection with this burning house. We think the remarks were proper deductions from the testimony in view of such proof by the State.

We think this case was properly disposed of in our original opinion.

The motion will be overruled.