HERMAN GALYEAN V. STATE

No. 25441. October 31, 1951.

Hon. James G. Denton, Judge Presiding.

*Burks & McNeil,* by *Clifford W. Brown,* Lubbock, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for possessing liquor for the purpose of sale in a dry area, with a fine of $200.00. The judgment was based on a jury verdict.

Appellant has a second-hand store in the city of Lubbock. Adjoining this, in the rear, is a small room in which Texas Liquor Control Board officers, together with local authorities, found a considerable quantity of whisky and gin. They were acting under a search warrant authorizing the search of the premises at 620 Broadway. This room is at the rear of a store front which is 620 Broadway. The contention is made, however, that the evidence does not show that appellant had charge of this room.

The state's evidence shows that, after searching the front of the premises, they went to the rear and observed, through a crack, cases of whiskey on the inside. By removing a board from the door they found a lock and succeeded in prying the door open. Appellant denied that he had a key for the lock, but the officers took his bunch of keys from his pocket and found one that would unlock the door. This was done in his presence. An officer further testified: "In answer to your question if there was any indication of a pathway, or well trodden path, between room No. 2, and room No. 3, the room where the whiskey was found, there certainly was. The snow had melted off the ground, and there were tracks coming out the door of No. 2, and a beaten path from 2 to 3, from room No. 2 to room No. 3, they came out the door and turned left. It is approximately ten feet."

Appellant did not testify and introduced no witness showing that any other person had charge of this room. The evidence was sufficient to support the jury's finding.

The record before us contains two bills of exception which furnish the basis for our consideration of the appeal. The brief filed treats "Points." We have frequently said that we do not consider "points" and they have no place in an appeal in a criminal case. Our discussion will be confined to the bills of exception.

Bill of Exception No. 1 complains of Paragraph 4 of the court's charge defining what is meant by "prima facie evidence." The argument in the brief on this subject forcefully presents the contention that this is a charge on the weight of the evi-

dence. The identical question has been before this court on a number of occasions and was recently discussed in Spencer vs. State, 154 Texas Crim. Rep. 427, 227 S.W. 2d 552. The charge in that case was identical with the one in the instant case. The holding was contrary to appellant's contention and, we think, should be followed. It is not necesary to restate the reasons in this opinion but reference is made to the Spencer case for full and complete discussion of Bill of Exception No. 1, and our reasons for not sustaining the same.

Bill of Exception No. 2 complains of the argument of the county attorney. This bill is in proper form to present the complaint. In the trial of the case the court permitted the state to introduce, over appellant's objections, a number of "lugs" which consisted of packages of bottles of whisky and gin. There is no evidence that there was an empty box recovered from the premises. Among the things in evidence was a "pasteboard box." Whether this was empty or not is not revealed. It was found in the room. In this bill it is stated that one was an empty box, the outside of which was labeled "Paul Jones Whisky." In his closing argument the county attorney made the statement: "There was introduced before you this Paul Jones box which is here. There was no Paul Jones whiskey in the box, and I wonder what happened to the Paul Jones whiskey."

Complaint is made that this was a reference to the appellant's failure to testify presumably on the theory that he was the only one who could have explained what became of the whisky. We find nothing in the record to show that appellant was the only person who had handled this box. In fact, the argument is made that the evidence is insufficient to show that he had anything to do with the searched premises. Such evidence is meager and has been stated above for the purpose of showing that it is sufficient. The argument was of little importance and too indefinite to require a reversal.

We find no reversible error and the judgment is affirmed.