**Maxie Wayne HART, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38111.**

Court of Criminal Appeals of Texas.

May 26, 1965.

Rehearing Denied June 23, 1965.

Second Rehearing Denied Oct. 13, 1965.

Marion G. Holt, Nacogdoches, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

Tried upon an indictment alleging an assault with intent to murder with malice, appellant was found guilty by the jury of aggravated assault and was assessed a term of 9 months in jail and a fine of $500.

The sufficiency of the evidence to sustain the conviction for the lesser offense submitted to the jury in the court's charge is not questioned.

The assault was alleged to have been made upon Tommy Hutto. He testified that appellant, without provocation, struck him with a blackjack and, during the ensuing encounter, fired several shots toward him with a pistol. Hutto's testimony was corroborated by other witnesses for the state.

Appellant denied that he had a blackjack, or struck Hutto or that he fired his pistol at Hutto. His testimony was corroborated by a witness.

The jury resolved the fact issues raised by the testimony against appellant and there is evidence sufficient to sustain their verdict.

In his brief appellant presents as bills of exception his motion for mistrial and objection to the court communicating with the jury while they were deliberating.

There are no formal bills of exception. The complaints designated as bills of exception which relate to motions complaining that the trial judge received and answered certain communications from the jury present nothing for review, there being no certification by the court or showing in the record that any such message was in fact received by the court or answered.

The statement of a ground of objection is not a certificate of the judge that the facts that form the basis of the objection are true. 5 Tex.Jur.2d 330, Sec. 200. A motion for new trial is but a pleading and will not prove itself. 5 Tex.Jur.2d 265, Sec. 167.

The judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

By supplemental transcript, appellant has called our attention to his bill of exception in which he complains of the court's answer to a question from the jury.

The written question was unsigned and read as follows: "Charles Phillips has disqualified himself as a Jurior (Juror) because of the cows he has on the Maxie Wayne Heart (Hart) land. He does not feel he can make an impartial decision," to which communication the court replied in writing, "Lady and Gentlemen, All 12 of you are qualified as jurors in this case. Please proceed with your deliberations; s/ Jack Pierce, Judge Presiding."

The bill itself does not state sufficient facts to show that error occurred, and since no evidence appears to have been adduced at the hearing on the motion for new trial, this Court is without authority to reverse this conviction because of the incompleteness of the bill. Peters v. State, 138 Tex.Cr. R. 613, 137 S.W.2d 1008.

Appellant's motion for rehearing is overruled.