**Grady Brandon ADAMS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41754.**

Court of Criminal Appeals of Texas.

Jan. 8, 1969.

Rehearing Denied March 12, 1969.

Emmett Colvin, Jr., Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., William Neil, William Hill, Camille Elliott, Malcolm Dade and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is drunk driving (Art. 802 Vernon's Ann.P.C.); the punishment, 10 days in jail and a fine of $150.00.

Trial was before a jury on January 29, 1968. The punishment was assessed by the court. Art. 37.07 Vernon's Ann.C.C.P.

One ground of error is set forth in appellant's brief. It complains that the court erred in commenting on the weight of the evidence in violation of Art. 38.05 V.A.C. C.P.

The ground of error relates to the court's choice of words in ruling during cross-examination of state's witness James D. Everett, Jr.

This witness had testified that appellant drove a motor vehicle into the rear of his (Everett's) parked car and drove away; that he followed him and police officers he signalled succeeded in stopping him.

On recross-examination state's witness Everett testified that appellant gave him $50.00 "not to go into court down at the City Hall." He thereafter testified and the court ruled:

"Q. (By Mr. Zollner) Mr. Everett, also that day did you not state that your claim was much less than $50, approximately—Just a second.

"THE COURT: Well, I'll sustain going into that part, now.

"MR. ZOLLNER: As to how much his claim was?

"THE COURT: I'll let him testify what was paid off to him in settlement of his claim but I'm not going to try a civil suit in here. I don't know what this is about at all."

Thereafter, defense counsel offered as his Exhibit 1 the reverse side of the accident report which was identified as a statement made and signed by the witness Everett and, in sustaining the state's objection, the court's rulings were as follows:

"THE COURT: I'll sustain the objection to that. That's not admissible top, side or bottom.

"MR. NEIL: Thank you, Your Honor, I didn't think it was.

"MR. ZOLLNER: Not admissible on what grounds, Your Honor?

**862**

"THE COURT: It's not admissible top, side or bottom. This is not his suit against this man at all.

"MR. ZOLLNER: This is a matter for impeachment, Your Honor, it's not a matter for—

"THE COURT: He has already testified the man paid him, or the insurance company paid him, and this is not a civil suit, it's not this man's case at all, this is the State of Texas against this man."

Appellant's counsel moved "for a mistrial on the judge's comment on the weight of the evidence," which was overruled.

The controlling fact issue which was in dispute was whether appellant was intoxicated while driving a motor vehicle on the public street. The witness Everett was of little if any assistance to the state in this regard. Accident Investigator Jack M. Wilson, who arrived at the scene where appellant stopped his car; Dallas Police Officer Peter Lee Anderson, who transported him to the Central Station; and Police Officer Vernie H. Sullivan, who observed appellant at the place where he was stopped and was present when he was delivered at the City Jail, supplied the testimony upon which the jury found that appellant was intoxicated.

■ The court's remark in his ruling was not reasonably calculated to prejudice appellant's rights and is not ground for reversal. Howard v. State, Tex.Cr.App., 420 S.W.2d 706; Byrd v. State, Tex.Cr. App., 421 S.W.2d 915, and other cases cited under Art. 38.05 V.A.C.C.P., Note 24.

■ Another comment complained of under the same assignment of error is the court's ruling, during argument of counsel for the state, in overruling appellant's objection: "Your Honor, we object to this line of argument," the court's ruling being: "Overrule that; following the testimony. You have three minutes."

If before us, the contention that such ruling constituted a prejudicial comment on the weight of the evidence is overruled.

The judgment is affirmed.

DOUGLAS, J., not participating.