Marion Louis GOODLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 42916.

Court of Criminal Appeals of Texas.

July 8, 1970.

Rehearing Denied Aug. 21, 1970.

Charles L. Caperton, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Camille Elliott, Harry J. Schulz, Jr. and W. T. Moreland, Jr., Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for rape; the punishment, life.

The appellant, Marion Louis Goodley, and Elven Gene Bartley, Charles Jerry Holbert, Willie Earl Lipscomb, Melvin Gene Nash, and Herschel Renard Pratt, were jointly indicted for the offense of rape. Following the severance of Herschel Renard Pratt, the appellant and the other named four defendants were jointly tried and found guilty. The trial court granted Lipscomb and Nash new trials.

This is a companion case to Holbert v. State, Tex.Cr.App., 457 S.W.2d 286, and Bartley v. State, Tex.Cr.App., 457 S.W.2d 297, this day decided.

■ The appellant contends that the trial court erred in denying a hearing on his motion to challenge the array and quash the jury panel.

The motion was filed on the date the trial began. It bears the notation that it was denied and appellant's exception thereto.

The affidavit of the official court reporter which the court ordered included in the record recites that:

"One of these motions was a Challenge to the Array and Motion to Quash the Jury Panel which was filed on July 8, 1968 by the Defendant Goodley. The notes in regard to the evidence elicited and objections taken on this motion have been lost and I cannot transcribe these for inclusion in the Record."

The motion did not establish the facts alleged therein. Cumpston v. State, 155 Tex.Cr.R. 385, 235 S.W.2d 446. No formal bill of exception pertaining to this ground of error appears in the record.

In light of the record as presented no error is shown. The first ground of error is overruled.

The third ground of error is that the trial court vouched for the honesty and integrity of the prosecutrix.

After the prosecutrix had given the dates of the births of her four children, Counsel Koons asked if she was certain about the dates. When the state's objection was sustained Koons stated that the question goes to the witness's memory. At this time the court said: "I don't think you can recall the dates all your children were born, can you?" and Koons replied: "Judge, I don't have any yet."

Counsel Koons argued to the jury at the guilt stage as follows:

" * * * It is not believable (prosecutrix's testimony) and it is just one more little thread that is wound around this case that tells you that she is not leveling with you in all respects in this case.

"I asked her, for instance, when she was married and she said in the fall of '67, and I asked her when her children were born, and she said, 'The oldest one in February in '67, I think,' I think she was probably just mistaken, just mistaken about that, *and the Judge says, 'Well anybody can be mistaken and you maybe can't recall the date of your children's birth to me.' And that is just exactly right. She sure can be mistaken.*" (Emphasis supplied)

■ It is evident that Counsel Koons used the court's statement to support his position that the prosecutrix was mistaken. No error is perceived. The third ground of error is overruled.

Error is urged on the ground that the court erred in denying appellant's motion

to produce the written statements of witnesses.

■ The motion requested the court to instruct counsel for the state to have available for use by appellant any written statements of witnesses for cross-examination which it used. The court noted on the motion that he would rule on it when it became material. While the prosecutrix was testifying, appellant asked the state to produce the written statement of the witness for the purpose of cross-examination. State's counsel responded that he had no written statement of the witness, that she may be confused by the notes written when she was interviewed. No ruling of the court thereon was obtained. The record does not show that any statement was used before the jury. No request was made to have it (if any) made a part of the record. Leal v. State, Tex.Cr.App., 442 S.W.2d 736. The fourth ground of error is overruled.

Complaint is made of the state calling Ann Dees as a witness when her name had not been listed on the indictment in response to appellant's motion therefor.

■ She testified that she was the Deputy District Clerk assigned to the court trying this case; and that the indictments against two of appellant's co-defendants were filed on a certain date. She never testified to anything incriminating the appellant, or gave any testimony upon which the indictment could have been founded. The sixth ground of error is overruled.

The refusal of a mistrial to the prosecutor's references to Willie Harold Gibson, the alleged friend of Jacqueline Long, a defense witness, is urged as the eighth ground of error.

■ The references were as to how long Gibson has been back in Dallas County; "which tank is he in"; and is he around the courthouse anywhere. To the first reference, there was no objection. To the second there was the general objection, "We object to that," which the court overruled and instructed the jury to disregard the question. No objection was made to the third reference. No error is shown. The eighth ground of error is overruled.

■ It is contended that the court erred in refusing to instruct the jury and in commenting on the weight of the evidence.

This matter arose from the state's question and the answer thereto by a defense witness:

"Q  And you are willing to help Elvin (appellant) out, is that right.

"A  To tell the truth.

"Q  Well, I know your lawyer said to say that, but—

"Mr. Koons: Judge, that is highly improper and we object to that sidebar remark.

"The Court: Objection sustained."

Thereafter when the appellant again objected to the question the court stated: "I don't see that that is harmful, but it is—." Next, the court sustained the objection to the last question and instructed the jury to disregard it and that portion "who asked her to say what—." In view of the instruction of the court no error is shown. The ninth ground is overruled.

The tenth ground of error is that the court refused to instruct the jury to disregard the prejudicial remarks of the prosecutor.

■ On cross-examination of Kenneth Wayne Johnson, a witness called by Bartley, the state's attorney asked him if he knew what Bartley did at 1:30 the morning of the alleged rape. When the witness answered "No," he was then asked, "You mean they haven't told you anything about that—." The appellant objected to the statement of state's counsel about "the defense attorneys telling him about that." The objection was overruled. Johnson testified that he had just seen the appellant (Goodley) at school and he did not see him

on the night in question. Although the statement complained of should not have been made and the objection should have been sustained, it is concluded that it does not call for a reversal of the case.

Grounds of error numbers two and five are the same as numbers two and five urged and considered in the companion case of Holbert v. State, supra. The disposition of said grounds in Holbert is applicable and controlling in this case.

The judgment is affirmed.