**Elven Gene BARTLEY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42917.**

Court of Criminal Appeals of Texas.

July 8, 1970.

Rehearing Denied Aug. 21, 1970.

Donald D. Koons, George D. Street, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Camille Elliott, Harry J. Schulz, Jr., and W. T. Westmoreland, Jr., Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for rape; the punishment, life.

The appellant, Elven Gene Bartley, and Charles Jerry Holbert, Marion Louis Goodley, Willie Earl Lipscomb, Melvin Gene Nash, and Herschel Renard Pratt,

were jointly indicted for the offense of rape. The six indictments are identical. Five appear to be carbon copies of the original. Following the severance of Herschel Renard Pratt, the appellant and the other named four defendants were jointly tried and found guilty. The trial court granted Lipscomb and Nash new trials.

This is a companion case to Holbert v. State, Tex.Cr.App., 457 S.W.2d 286, and Goodley v. State, Tex.Cr.App., 457 S.W.2d 294, this day decided.

It is contended that the trial court erred in failing to quash "appellant's indictment" on the ground that it was illegible.

The motion to quash alleged that the numerals designating the year the offense was alleged to have been committed were illegible and could not be read and did not apprise the appellant of the date of the offense charged against him. The motion bears the notation overruled. No hearing was held and no order pertaining thereto appears in the record.

It is undisputed that the appellants Bartley, Holbert, and Goodley were *jointly indicted and jointly tried*. The cases were given separate file numbers and separate docket sheets. At the joint trial separate jury charges were given, separate verdicts were returned, and separate judgments and sentences are in the record. Each of these instruments appears to be the same except for names and cause numbers.

Art. 44.24, Vernon's Ann.C.C.P., (Presumptions on appeal), reads in part:

"The court shall presume that the venue was proved in the court below; that the jury was properly impaneled and sworn; that the defendant was arraigned; *that he pleaded to the indictment*, that the court's charge was certified by the judge and filed by the clerk before it was read to the jury, unless such matters were made an issue in the court below, or it otherwise affirmatively appears to the contrary from the record."

The court's charge to the jury recites that the appellant Bartley stands charged by indictment with the offense of rape alleged to have been committed *on or about the 21st day of April, 1968,* and to which he plead not guilty.

The judgment recites that the appellant "in open court was duly arraigned and plead not guilty to the charge contained in the indictment." The judgment further reflects that "having heard the indictment read, and the defendant's plea of not guilty thereto, * * *." No objection to the approval of the record was made by the appellant.

The appellant Bartley, Holbert and Goodley being jointly indicted and jointly tried, it appears that the reading of the indictment in the records of either Holbert or Goodley and the taking of the three pleas of not guilty would constitute a sufficient presentment of the indictment to the jury against appellant.

■ It does not affirmatively appear from the record that the joint indictment was not read to the appellant. The record supports the conclusion that the joint indictment was read to the appellant and that he plead not guilty thereto. This ground of error is overruled.

■ The refusal to grant appellant's motion to quash the jury panel for the reason that he was not furnished a list of the jury from which the jury was to be selected to try his case is urged as the second ground of error.

On the same day the motion to quash the venire was filed the trial court granted the state's request to withdraw the notice of intention to seek the death penalty previously filed, and overruled appellant's motion to quash the jury panel.

As to the trial which proceeded the same day, the case stood as though no notice had been given that the state would seek the death penalty.

Under such facts, Art. 34.04, V.A.C.C.P., does not apply. Smith v. State, Tex.Cr. App., 455 S.W.2d 748, decided June 17, 1970.

The grounds of error complaining of the state impeaching its witness Pratt; the failure of the court to charge the jury on circumstantial evidence; the prosecutor's jury argument that certain surfaces would not retain fingerprints; the jury argument of the prosecutor that the appellant was a rapist, robber and murderer; and that the evidence is insufficient to support a conviction for rape, were urged and considered in the companion case of Holbert v. State, supra. The disposition of said grounds of error in Holbert is applicable and controlling in this case.

In his seventh ground of error the appellant contends that the trial court erred in permitting the state to impeach a character and reputation witness for the appellant's co-defendant, Lipscomb, by asking him if he had heard that Lipscomb had been arrested in 1963, 1965, 1966, and 1967, while Lipscomb was a juvenile. The witness, Larry Gene Williams, who was called by Lipscomb, testified that the appellant's reputation for being a peaceful and law-abiding citizen was good. On cross-examination he was questioned as to whether he had heard of Lipscomb being arrested in 1963, 1965, 1966, and 1967. The record reflects that these arrests occurred while Lipscomb was a juvenile.

The witness Williams was properly cross-examined concerning his knowledge of acts allegedly committed by the co-defendant Lipscomb while he was a juvenile. Broadway v. State, Tex.Cr.App., 418 S.W.2d 679; Banda v. State, Tex.Cr.App., 424 S.W.2d 938; Hart v. State, Tex.Cr. App., 447 S.W.2d 944. The court stated in the record while the witness Williams was testifying that his testimony was only about Lipscomb. There was no requested charge for or objection to the failure of the court to give a charge limiting the testimony to Lipscomb.

In view of the record, no error is shown. The seventh ground of error is overruled.

The judgment is affirmed.