**Willie Earl LIPSCOMB, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43613.

Court of Criminal Appeals of Texas.

April 27, 1971.

Rehearing Denied June 16, 1971.

---

1. Apparently this same attorney had represented appellant in prior cases growing out of the same transaction.

Melvyn Carson Bruder, Dallas (court appointed on appeal only), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for robbery; the punishment was assessed by the jury at 35 years.

This is a companion case to Nash v. State, Tex.Cr.App., 467 S.W.2d 414, this day decided. See also Holbert v. State, Tex.Cr.App., 457 S.W.2d 286; Goodley v. State, Tex.Cr.App., 457 S.W.2d 294; Bartley v. State, Tex.Cr.App., 457 S.W.2d 297.

Appellant and Melvin George Nash were charged in the same indictment and were tried together. The facts herein are the same as set out in Nash v. State, supra, and in the case at bar appellant alleges nine grounds of error.

By his ninth ground of error, the sufficiency of the evidence is challenged and by his first and fourth grounds of error he complains of the admission of extraneous offenses. These same contentions were discussed and overruled in Nash, to which reference is made herein.

Grounds of error one, four and nine are overruled.

Appellant's second ground of error is that the trial court commented on the weight of the evidence.

On cross-examination of the complaining witness, the following occurred:

"Q. Would you say that Robert's car was a nicer car than yours?

"THE COURT: Counsel, what does that have to do with it?

"THE WITNESS: Well, I don't know, they both were nice cars."

The second remark complained of occurred during the state's argument when

counsel for Nash objected to the following:

"MR. ORMESHER: She said that there was six people involved, and only one did not rape her, and that she could not identify this person as having raped her, and that was a person named Pratt, so you—

"MR. TAITE: We object, there is no testimony as to any person named Pratt in this case at all.

"MR. ORMESHER: Well, we will differ, it was in the transcript that they were reading from.

"THE COURT: Well, ladies and gentlemen of the jury, what counsel from either side says is no evidence. I personally do not remember, but if there was no mention of Pratt in the testimony, then the jury will ignore that completely. Go ahead."

In order to call for reversal, under Art. 38.05 Vernon's Ann.C.C.P., the court's remarks must be material to the case and be reasonably calculated to operate prejudicially to the accused. We do not conclude that the court's remarks in the instant case would be beneficial to the state or prejudicial to appellant. Burge v. State, Tex.Cr. App., 443 S.W.2d 720; Adams v. State, Tex.Cr.App., 437 S.W.2d 860; Garcia v. State, Tex.Cr.App., 427 S.W.2d 897; Byrd v. State, Tex.Cr.App., 421 S.W.2d 915; Howard v. State, Tex.Cr.App., 420 S.W.2d 706. Further, no objection was made to either remark and the error, if any, was waived. Dempsey v. State, Tex.Cr.App., 387 S.W.2d 891; Steese v. State, 170 Tex. Cr.R. 269, 340 S.W.2d 49; Newton v. State, 150 Tex.Cr.R. 500, 202 S.W.2d 921.

Ground of error number two is overruled.

Appellant, by his third and sixth grounds of error, contends that prejudicial error was committed when the trial court admitted into evidence the confession of Nash, and that the trial court should have charged the jury on the issue of voluntariness of such confession.

This court resolved the issue of voluntariness of the confession. See Nash, supra, for our holding thereon. The portion admitted into evidence read as follows:

"The man was standing outside the car, and I pulled the pistol and told him to put his hands in the air, and then I told him to put his hands on top of the car. Then me and Elvin got in the back seat with the man and woman * * *"

Viewing the record in its entirety, we find no evidence to indicate that any section of the statement other than the aforementioned portion was made available to the jury. Appellant did not object to the court's charge nor did he request a charge on the confession. Therefore, the question is not before us for review. See Arts. 36.-14, 36.15, and 36.19 V.A.C.C.P.; Smith v. State, Tex.Cr.App., 437 S.W.2d 835; Pendleton v. State, Tex.Cr.App., 434 S.W.2d 694.

Grounds of error three and six are overruled.

Appellant's fifth and seventh grounds of error allege infringement on his right not to testify against himself. The fifth ground contends that the following argument by the prosecutor was a comment on the appellant's failure to testify:

"I thought that with two of them talking here, that maybe one of them would say their client was innocent, but I never heard that, and it seems to me that if I were trying the wrong man, or if I were called upon to defend somebody and had the wrong man or had someone who didn't commit the crime, you would stand up before twelve jurors and say, this man is innocent."

Objection and motion for mistrial were overruled.

Art. 38.08 V.A.C.C.P. prohibits allusion to or comment upon the failure of a

defendant to testify. But for the court to find that there was such a comment, it is not sufficient that the language *might* be construed as an implied or indirect allusion to the failure to testify. The test is whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on his failure to testify. See Ramos v. State, Tex.Cr.App., 419 S.W.2d 359, where this court held the following was not a comment on the accused's failure to testify:

"Under our laws after a man is arrested he cannot be compelled to give evidence against himself. He doesn't have to take the stand. It's in the charge * * *."

In Meyer v. State, Tex.Cr.App., 416 S.W.2d 415, the prosecutor argued that:

"He makes the insinuation that this Defendant has told him that he wasn't guilty, but he won't take the stand under oath and tell you that."

This court, holding that the "language quoted must have been understood by the jury to refer to appellant's failure to testify," found that since the prosecutor was referring to counsel, not the appellant, it was not a comment on the accused's failure to testify.

■ In the case at bar, which was being tried upon a plea of not guilty, it is apparent that the prosecutor was referring to counsel and there is no allusion to the appellant. To constitute error the argument would, of necessity, need be understood by the jury as a comment on the appellant's failure to testify. Earl v. State, 170 Tex. Cr.R. 540, 342 S.W.2d 328; Galyean v. State, 156 Tex.Cr.R. 412, 243 S.W.2d 30.

■ The seventh ground of error alleges that it was error for the trial court to charge the jury not to consider the appellant's failure to testify. He alleges that the charge is a comment on the weight of the evidence and an infringement upon his right to remain silent.

No objections to the court's charge appear in the record, hence no error is shown. Smith v. State, supra; Pendleton v. State, supra. However, for discussion on this contention, see Hill v. State, Tex. Cr.App., 466 S.W.2d 791, (No. 43,569, 3–31–71) and authorities therein cited.

Grounds of error five and seven are overruled.

Appellant's eighth ground of error complains of the procedure in which the court answered a note written by the jury after deliberations had begun on the issue of punishment.

The note read: "The jury would like to know if it cannot reach a verdict on the sentence, will a new trial be necessary or will the judge make the sentence."

The court sent back a note giving the following answer: "In answer to the above question, the judge has no authority to fix sentences in these cases. Only the jury has that authority and responsibility."

The record does not reflect that the appellant and his counsel were absent when the answer was written so we assume that Art. 36.27 V.A.C.C.P. was complied with. McClellan v. State, 118 Tex.Cr.R. 473, 40 S.W.2d 87.

■ The record does not contain an objection to the answer and there are no bills of exception regarding this matter; it having been raised for the first time on motion for new trial. A bill of exception is necessary to preserve error regarding the court's communications with the jury during its deliberations. Hart v. State, Tex.Cr.App., 393 S.W.2d 916; McClellan v. State, supra. We perceive no error.

Ground of error number eight is overruled.

There being no reversible error, the judgment is affirmed.