Willie Earl **LIPSCOMB**,
Petitioner-Appellant,

v.

W. J. **ESTELLE**, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 74–2944
**Summary Calendar.\***
United States Court of Appeals, Fifth Circuit.

Jan. 30, 1975.

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Willie Earl Lipscomb, pro se.

John L. Hill, Atty. Gen., Austin, Tex., Randall S. Boyd, Asst. Atty. Gen., Dallas, Tex., Joe B. Dibrell, Chief, Enforcement Div., Austin, Tex., for respondent-appellee.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

A state court jury convicted Willie Earl Lipscomb of robbery by assault. The jury assessed imprisonment for thirty five years. The complaining witness in the case was accosted at gunpoint by a number of youths, including Lipscomb. She and a male companion were forced into the rear of her car. They were driven to a barren area in Dallas County, where she was raped and her companion shot, so that he died the next day. The car was taken by the youths and subsequently found abandoned.

On direct appeal, Lipscomb's conviction was affirmed, Lipscomb v. State, Tex.Cr.App.1971, 467 S.W.2d 417.

Lipscomb was tried jointly with one Melvin George Nash, whose conviction also was affirmed, Nash v. State, Tex.Cr. App.1971, 467 S.W.2d 414.

His contentions being state exhausted on direct appeal, Lipscomb began anew with federal habeas corpus. The District Court denied relief, Lipscomb again appeals, and we affirm.

We shall discuss appellant's alleged constitutional deprivations, point by point.

■ There is nothing to his complaint about the admission of "extraneous evidence". The State Appellate Court found, with all propriety, that the rape and the murder were so inseparably interwoven with the robbery as to be a part of the same transaction and admissible as *res gestae*. Gephart v. Beto, 5 Cir., 1971, 441 F.2d 319; Heads v. Beto, 5 Cir., 1972, 468 F.2d 240.

The complaint about remarks of the trial court are equally lacking in merit.

■ The same is to be said for the complaint as to the admission of a portion of Nash's confession, which never mentioned Lipscomb.

■ The last of the series of complaints is addressed to the following jury argument of the prosecutor:

I thought that with the two of them talking here, that maybe one of them would say that their client was innocent, but I never heard that, and it seems to me that if I were trying the wrong man, or if I were called upon to defend somebody and had the wrong man or had someone who didn't commit the crime, you would stand up before twelve jurors and say, this man is innocent.

The Texas Court of Criminal Appeals appraised this incident as follows (467 S.W.2d 420):

In the case at bar, which was being tried upon a plea of not guilty, it is apparent that the prosecutor was referring to counsel and there is no allusion to the appellant. To constitute error the argument would, of necessity, need be understood by the jury as a comment on the appellant's failure to testify. Earl v. State, 170 Tex. Cr.R. 540, 342 S.W.2d 328; Galyean v. State, 156 Tex.Cr.R. 412, 243 S.W.2d 30.

The objection to this argument, entered by defense counsel, was that "a man is presumed innocent until a jury finds him guilty". The Court had previously told the jury that "what counsel from either side says is no evidence".

We agree with the Texas Court of Criminal Appeals that the argument was not a comment upon the failure of the defendant to testify. We have read the argument of counsel as it appears in the trial record and we note that defense counsel saw fit to comment extensively, in as favorable light as possible, on the failure of the defendant to testify in his own behalf.

If the argument was intended to assert that defense counsel should have vouched for the innocence of his client, it was improper. Nevertheless, counsel did not object on that ground and asked for no admonition in that respect.

An appraisal of the arguments, which appear at times to have grown rather acrimonious, leads us to the conclusion that in any event the episode was not so

fundamentally unfair as to deny the defendant due process.

The denial of habeas corpus relief is Affirmed.